IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


DAVID SOPKO,

                         Plaintiff,                 Case No. 3:10 CV 1943

        -vs-

KEITH SMITH,                             <u>MEMORANDUM OPINION</u>

                        Defendant.

KATZ, J.

      This action involves Petitioner David Sopko's Petition for a Writ of Habeas Corpus.  The matter is currently before the Court on Magistrate Judge Greg White's Report and Recommendation ("R&R"), Doc. 11, which recommends that this Court deny the Petition on each of the six grounds advanced by Sopko.  Sopko timely objected.  Doc. 14.  Respondent did not respond.

      In accordance with *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), and *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), this Court has made a *de novo* determination of the Magistrate's findings, and for the reasons that follow, the Court will deny Sopko's Petition.  The Court does so adopting the R&R's reasoning on Grounds One and Two, and Grounds Four through Six.  The Court denies Sopko's petition on Ground Three for the reasons described below.

**I. Background**

      The Court hereby adopts the Magistrate's description of the facts and procedure as provided in the R&R, and as follows:

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002). The state appellate court summarized the facts underlying Sopko's conviction as follows:

> {¶ 5} During the jury trial, the state called several witnesses. From a review of their testimony, we derive the following information.
>
> {¶ 6} Appellant and H.E. [FN1] ("the mother") have two children, B.S. (DOB 3/30/00) and T.S. (DOB 2/6/02). Prior to the birth of T.S., the couple separated.  Nine months after the birth of T.S., the mother attempted suicide, and the Department of Human Services placed both children with relatives. B.S. went to live with his grandmother, and T.S. went to live with her great aunt S.F. ("the aunt"). Appellant visited each of his children every other week.
>
>> FN1.  At trial, T.S. referred to both her vagina and appellant's penis as "goongie"; however, for purposes of this opinion, we shall use the terms "vagina" and "penis."
>
> {¶ 7} According to the aunt's testimony, in late 2005 or early 2006, T.S. began visiting appellant more often. The aunt testified that in May 2006, T.S. began touching her own vagina. In October 2006, during her shower, T.S. asked the aunt if she would clean her "like Daddy David does," and T.S. laid down and started touching her vagina. The aunt confronted appellant about this, and appellant asked, "Aren't you supposed to clean out everything?" Appellant agreed to stop washing T.S. at the aunt's request. The aunt also testified that appellant had told her once that he liked to wear diapers during sexual relations.
>
> {¶ 8} The aunt further testified that T.S.'s behavior continued to change. She would touch her vagina, and she began to attempt to french kiss the aunt, her uncle, and B.S. In early 2007, the aunt contacted Medina Jobs and Family Services social worker, Ana Becker ("the social worker"). On February 6, 2007, the social worker interviewed T.S. As a result of T.S.'s description of appellant's behavior, the social worker contacted the police. Eventually, T.S. met

2

with North Olmsted Police Detective Kenneth Vagese and the social worker.

{¶ 9} T.S. testified that appellant would touch her vagina [FN2] and that he would rub it with his finger, which made her feel "sad." T.S. stated that she closed her eyes during the touching because appellant told her to. T.S. testified that appellant made her wear diapers and no shirt and took pictures of her on the bed. T.S. also saw appellant do this to B.S. T.S. testified that appellant put his finger inside her vagina, which hurt and made her sad.

> FN2. At trial, T.S. referred to both her vagina and appellant's penis as "goongie"; however, for purposes of this opinion, we shall use the terms "vagina" and "penis."

{¶ 10} The social worker testified that when she talked to T.S., T.S. told her about appellant's actions. T.S. told her that appellant had put his finger inside her vagina and used his tongue on her vagina. Thereafter, the social worker contacted police. During the first police interview, T.S. felt ill and told the social worker that her mother told her not to talk to police about the situation. Because T.S. felt ill, the interview stopped.

{¶ 11} At the second interview with the police and the social worker, T.S. explained what appellant did and circled the penis on a body map. T.S. said that she showered with appellant and that he touched her vagina with his penis. T.S. stated that it hurt "only when he pushes it in too hard." As a result of what she learned from T.S., the social worker immediately set up set up [sic] a medical appointment at Akron Children's Care Center and a counseling appointment at Solutions Behavioral Health Care in Brunswick.

{¶ 12} Det. Vagese testified that, as a result of T.S.'s story, he obtained an arrest warrant for appellant. As a result of information obtained from appellant's friend, Scott Smith, regarding a computer, the police also obtained a search warrant for appellant's home. At appellant's home, Det. Vagese seized a computer, a bin containing diapers and pornographic magazines, and an inflatable doll ("the doll"). According to Det. Vagese, the Internet Crimes Against Children Task Force found no child pornography or photographs of T.S. or B.S. on the computer.

{¶ 13} Forensic Scientist, Dale Laux, testified that he found sperm on all of the doll's orifices and seminal fluid on the diaper the doll was

3

wearing. Melissa Zielaskiewicz, from the Bureau of Criminal Investigations, testified that DNA found by Laux matched DNA from appellant.

*State v. Sopko*, 2009 WL 97705, *1-2 (Ohio App. 8th Dist. Jan. 15, 2009).

## II. Procedural History

### A. Conviction

On March 29, 2007, a Cuyahoga County Grand Jury charged Sopko with thirty-four counts of rape together with sexually violent predator specifications.[FN1] (Doc. No. 7-1, Exh. 1.)  Sopko agreed to a bench trial on the sexually violent predator specifications, but proceeded to a jury trial on the rape counts.  (Doc. No. 7-1, Exh. 4.)  After the State presented its case, the court granted the State's motion to dismiss thirty-one counts.  (Doc. No. 7-1, Exh. 6.)  Three counts remained–count one alleging digital penetration, count two, cunnilingus, and count three, vaginal penetration.  (Doc. No. 7/6 at 9-10.)  On October 5, 2007, the jury found Sopko guilty of counts one and three.  *Id*.  The court then found Sopko to be a sexually violent predator.  (Doc. No. 7-1, Exh. 5.)  He was sentenced to two life terms without parole.  (Doc. No. 7-1, Exh. 6.)

> FN1.  The offenses occurred between May 1, 2006, and December 31, 2006.  (Doc. No. 7-1, Exh. 1.)

### B. Direct Appeal

On December 4, 2007, Sopko, through new counsel, filed a timely Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court") raising eight assignments of error:

1.  The trial court erred in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution which provide rights to confrontation and cross-examination, and Ohio Evidence Rules 801 and 802, when it permitted state witnesses to testify with inadmissible hearsay statements.

2.  The State failed to present sufficient evidence to sustain a conviction against Appellant.

3.  Appellant's convictions are against the manifest weight of the evidence.

4

4.      The trial court erred and deprived Appellant of a fair trial when it allowed other acts testimony whose prejudicial effect outweighs its probative value.

5.      Appellant was denied a fair trial by the social worker's improper comments while testifying.

6.      Appellant was denied his right to a fair trial due to the prosecutor's improper remarks during closing argument.

7.      Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution when defense counsel failed to question the child during the competency hearing and failed to object to the child's competency, failed to object to hearsay testimony, failed to object to the admission of prejudicial irrelevant evidence, failed to object to the prosecutor's questions and the social worker's opinion about whether sexual abuse was substantiated and how Appellant was the perpetrator, and failed to object to the prosecutor's improper closing arguments vouching for the alleged victim's credibility.

8.      The trial court erred when it classified Appellant as a sexual predator.

(Doc. Nos. 7-1 and 7-2, Exhs. 7, 8.)  The state appellate court, *sua sponte*, remanded the case for clarification of the sentencing entry. *See* Cuyahoga County Online Docket. On November 7, 2008, the trial court filed a *nunc pro tunc* sentencing entry clarifying that Sopko was found guilty of counts one and three, "not guilty" of count two, and that counts four through thirty-one were nolled. *Id.* On November 10, 2008, Sopko filed a notice of supplemental authority. (Doc. No. 7-2, Exh. 9.) On January 15, 2009, Sopko's conviction was affirmed. (Doc. No. 7-2, Exh.10.)

On May 12, 2009, Sopko filed a Notice of Appeal with the Supreme Court of Ohio, raising eight propositions of law:

1.      Evidence that an administrative agency has made a preliminary determination that a criminal defendant is the perpetrator of a crime is not admissible in a criminal trial.

2.      The fact that a social worker subsequently refers a child for medical treatment on the basis of allegations of sexual abuse

5

does not cause the preceding interview with the child to one [sic] for the purpose of medical diagnosis.

3.      A child victim's statements to others that is inconsistent with the child's testimony at trial cannot be offered by the State for the truth of those statements.

4.      To establish that a defendant is a sexually violent predator, and thus likely to recidivate, there must be more than merely evidence that a defendant has sexually assaulted his own child on two occasions.

5.      Evidence of sexual acts committed alone and in private is not admissible as "other acts" evidence against a defendant charged with a sexual assault.

6.      A prosecutor may not, in closing argument, communicate to the jury that the office of the prosecutor does not bring forth cases that are baseless.

7.      Counsel is ineffective in violation of the Sixth Amendment when counsel fails to question a child during a competency hearing, fails to object to the child's competency as a witness, fails to object to the admissibility of inadmissible hearsay evidence, fails to object to the admission if [sic] irrelevant and prejudicial evidence, fails to object to improper opinion evidence regarding witness credibility and fails to object to improper closing arguments.

8.      Even when an error does not rise to the level of plain error, a trial court can still reverse a conviction for ineffective assistance of counsel. Trial counsel are expected to do more than avoid obvious and plain errors and the determination by a court of appeals that the outcome of a trial would not have been different but for a trial error, and thus that plain error has not occurred, is a higher standard of prejudice than the lack of confidence in a verdict that will cause the court of appeals to reverse a conviction because of trial counsel's ineffectiveness.

(Doc. No. 7-3, Exhs. 11, 12.)  On June 3, 2009, the appeal was dismissed as not involving any substantial constitutional question. (Doc. No. 7-3, Exh 14.)

### C. Federal Habeas Petition

6

On September 1, 2010, Sopko filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> **GROUND ONE**: The trial court erred, in violation of Mr. Sopko's Fifth, Sixth and Fourteenth Amendments to a trial by jury with due process of law when it allowed social worker Becker to testify that her agency determined that substantial sexual abuse was perpetrated by "David Sopko" had been substantiated.
>
> **GROUND TWO**: During the State's case-in-chief, the trial court allowed the state's witness Becker to testify to matters told to Becker by T.S., and about which the defense could not cross-examine T.S.
>
> **GROUND THREE**: The trial court incorrectly found Appellant to be a Sexually Violent Predator because there was insufficient evidence to sustain this finding.  U.S. Const. Amends. V, XIV.
>
> **GROUND FOUR**: This trial court improperly admitted evidence regarding the defendant's having engaged in sexual activity with an inflatable doll. Such evidence did nothing but to suggest that the defendant was a deviant character.  As such, this evidence denied the defendant a fair trial in violation of the Fifth and Fourteenth Amendments.
>
> **GROUND FIVE**: The prosecutor in her closing arguments stated: "I submit to you, there was no story. The State of Ohio doesn't come before juries to present stories. We don't have time for that, ladies and gentlemen." These comments denied the defendant a fair trial, and thus violates the due process clause of the Fourteenth Amendment. *See also*, U.S. Const. Amends. V, VI.
>
> **GROUND SIX**: Trial counsel was ineffective in violation of the Sixth Amendment when counsel failed to question a child during a competency hearing, failed to object to the child's competency as a witness, failed to object to the admissibility of inadmissible hearsay evidence, failed to object to the admission if [sic] irrelevant and prejudicial evidence, failed to object to improper opinion evidence regarding witness credibility and failed to object to improper closing arguments.

(Doc. No. 1.)  Respondent argues that these claims are either not cognizable in federal habeas, procedurally defaulted, or meritless.

7

## II. Exhaustion and Procedural Default

### A. Exhaustion

State prisoners must exhaust their state remedies prior to raising a claim in federal habeas corpus proceedings. 28 U.S.C. § 2254(b)-(c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

### B. Procedural Default

A habeas petitioner procedurally defaults a claim if:

(1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

*Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011). A rule giving courts an appropriate exercise of discretion can be "firmly established" and "regularly followed" even if the federal claim is considered in some cases but not others. *Beard v. Kindler*, 130 S.Ct. 612, 618 (2009) (citing Meltzer, State Court Forfeitures of Federal Rights, 99 Harv.

8

L.Rev. 1128, 1140 (1986) ("[R]efusals to exercise discretion do not form an important independent category under the inadequate state ground doctrine.")).

Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default bars federal court review. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982).  If an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id.*  This type of procedural default is often confused with exhaustion.  Exhaustion and procedural default, however, are distinct concepts.  The AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Id.*  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id.*  In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.* Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted.

**III.  Discussion**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 325-26, 337 (1997).  The AEDPA governs federal habeas corpus when the state court adjudicates the claims on the merits. 28 U.S.C. § 2254(d).  The statute establishes two ways in which a federal court may issue a writ. First, a federal court may issue a writ if the state court's decision "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Second, a federal court may issue a writ if the state

court's decision resulted in an unreasonable determination of facts in light of the evidence.  28 U.S.C. § 2254(d)(2).

Under section 2254(d)(1), the term "clearly established federal law" refers to the Supreme Court's holdings.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state courts' decision is "contrary to" the Supreme Court when either the decision contradicts the Supreme Court's holdings or it "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from this precedent."  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)).  A state court's decision unreasonably applies Supreme Court holdings "if the state court identifies the correct governing legal principle from the Supreme Court but unreasonably applies that principle to the facts' of petitioner's case."  *Id.*  (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)).

**Ground One:**
**The trial court erred when it allowed social worker Becker to testify that her agency determined there had been substantiation of the claim that substantial sexual abuse was perpetrated by Sopko.**

Sopko argues that his constitutional rights were violated when the trial court allowed the testimony of a social worker regarding her agency's determination that "there had been substantiation of the claim that substantial sexual abuse was perpetrated by 'David Sopko.'"  Doc. 10 at 9.  The government correctly argues, however, that this ground is procedurally defaulted because there was no contemporaneous objection.  Doc. 7 at 8.  Moreover, Sopko is unable to establish cause, prejudice, or error by trial counsel that denied him a fundamentally fair trial.

Federal habeas courts do not rule on "errors in the application of state law, especially rulings regarding the admission or exclusion of evidence."  *Bey v. Bagley*, 500 F.3d 514, 519 (6th

Cir. 2007) (quoting *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001)). Under Ohio law, when defense counsel does not make a contemporaneous objection at trial, the claimed error is waived on appeal, absent plain error. *Osborne v. Ohio*, 495 U.S. 103, 124 (1990); *see also State v. Elliott*, No. 91999, 2009 WL 3647081, at *4 (Ohio App. 8th Dist. Nov. 5, 2009) ("Where the defendant fails to object to the alleged misconduct, he waives all but plain error."). This contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).

Sopko argues that under *Dietz v. Money*, 391 F.3d 804 (6th Cir.), a state procedural rule must be "firmly established" before counsel's failure to comply with the rule leads to procedural default. *Id.* at 808. Sopko further argues that Ohio's contemporaneous objection rule is not firmly established, relying on *State v. Jackson*, No. 88074, 2007 WL 1501729 (8th Dist. Ct. App. May 24, 2007). In *Jackson*, defense counsel made only one objection during the course of the prosecutor's closing argument, and failed to immediately object to numerous other objectionable comments. *Id.* at *3. While such inaction violates Ohio's contemporaneous objection rule and would ordinarily waive defendant's appellate argument, the *Jackson* court held that since the trial judge denied counsel's initial objection, subsequent objections would have been futile and counsel's appellate argument was therefore not waived. *Id.* The holding in *Deitz*, however, has been abrogated, *see Stone v. Moore*, 644 F3d. 342, 348 (6th Cir. 2011) (abrogating *Deitz*), and Sopko's reliance on *Jackson* is therefore inapposite. In *Stone v. Moore*, the Sixth Circuit read two recent Supreme Court opinions as holding that state procedural rules may "serve as an adequate ground for preventing review of a habeas petition *even if the state procedural rule accords courts*

broad discretion." *Id.* (emphasis added) (citing *Beard v. Kindler*, 130 S.Ct. 612 (2009); *Walker v. Martin*, 131 S.Ct. 1120 (2011)). Thus, while Ohio's Eighth Appellate District exercised its discretion in *Jackson* to not fully follow the contemporaneous objection rule, that rule remains intact for purposes of the procedural default analysis. Accordingly, when trial counsel failed to object to the admission of Becker's statement, the state appellate court correctly conducted plain error review, and Sopko's argument is procedurally defaulted. *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004); *see also Osborne v. Ohio*, 495 U.S. 103, 124 (1990) (plain error review is not a state waiver of a procedural review).

Procedural default may be excused upon a showing of cause and prejudice. *See Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). In this case, Sopko argues that his procedural default was caused by constitutionally ineffective assistance of counsel, and that the ineffective assistance led him to suffer actual prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984) (recognizing constitutionally ineffective assistance of counsel as establishing cause for excusing procedural default).

To demonstrate constitutionally ineffective assistance of counsel, a petitioner must point to specific errors in counsel's performance. *United States v. Cronic*, 466 U.S. 648, 666 (1984). Thereafter, a reviewing court must subject the allegations to rigorous scrutiny, determining "whether, in light of all circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A reviewing court must strongly presume that counsel's conduct was reasonable and might be part of a trial strategy. *Id.* at 689. "Judicial scrutiny of a counsel's performance must be highly deferential and . . . 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the

12

circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Bell*, 535 U.S. at 698 (quoting *Strickland*, 466 U.S. at 689).

Sopko cannot demonstrate cause via ineffective assistance of counsel.  The state appellate court addressed whether Sopko had established cause and was denied effective assistance of counsel and concluded as follows:

> {¶ 70} Appellant alleges that his counsel was deficient when he failed to object to the social worker's opinion that the abuse was "substantiated."  In appellant's fifth assignment of error, we found that the testimony was admissible; therefore, trial counsel did not err when he failed to object.

State v. Sopko, 2009 WL 97705, at *11 (Ohio App. 8th Dist. Jan. 15, 2009).  Because the testimony of the social worker was determined to be admissible and, Sopko is unable to demonstrate ineffective assistance of counsel, and cannot, therefore, establish cause.  *See, e.g., U.S. v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) ("failure to make a meritless argument does not amount to ineffective assistance").

Even if Sopko could establish cause, he cannot establish prejudice, which requires Sopko to show "not merely that the error[] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

In order to establish prejudice, a petitioner must show "not merely that the error[] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions."  *Id.* at 170.  Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied.  *Id.* at 172.  Prejudice does not occur unless a petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different.

13

*Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289 (1999)).  To ascertain whether counsel's performance prejudiced a criminal proceeding, a reviewing court does not speculate whether a different strategy might have been more successful, but a court must "focus on the question of whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."  *Lockhard v. Fretwell*, 506 U.S. 364, 372 (1993).

Here, Sopko cannot demonstrate prejudice because there was other substantial evidence upon which the jury could convict.  The state appellate court noted:

> {¶ 43} The jury convicted appellant of two counts of rape.  One count charged digital penetration, and the other count charged vaginal intercourse.  Under R.C. 290.7.02(A)(1)(b), "no person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * the other person is less than thirteen years of age."

> {¶ 44} We find that, despite a lack of physical evidence, the state presented sufficient evidence of both counts of rape.  T.S. testified that appellant put his finger inside her vagina, which hurt and made her sad.  According to the social worker, T.S. told her that appellant "touches me with his hands and fingers and they go in."  This testimony was sufficient to prove digital penetration.  The social worker also testified that T.S. told her that in the shower, appellant's penis touched her vagina and it hurt when he "pushes it in too hard."  This testimony was sufficient to establish vaginal intercourse.

> {¶ 45} In addition to T.S.'s testimony, the aunt testified that T.S.'s behavior began to change around the same time that the abuse began.  For example, while in the shower, T.S. asked the aunt to wash her like appellant did.  Also, T.S. began touching herself inappropriately.  Finally, the social worker testified that, using anatomical drawings, T.S. was able to draw a penis.  After examining the evidence admitted at trial, we find that such evidence, if believed, would convince the average mind of appellant's guilt on two counts of rape beyond a reasonable doubt.

*State v. Sopko*, 2009 WL 97705, at *6-7 (Ohio App. 8th Dist. Jan. 15, 2009).

**Ground Two:**
**The trial court allowed [social worker] Becker to testify to matters told to Becker by T.S., and about which the defense could not cross-examine T.S.**

14

Sopko contends that because the child victim had no recollection of events, confrontation under the Sixth Amendment was not possible.  Sopko also argues that even if there was meaningful confrontation, the testimony of the social worker violated state hearsay rules, rendering the trial unfair.  Both arguments are without merit.

The Confrontation Clause of the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  This guarantee applies to both federal and state prosecutions.  *See Pointer v. Texas*, 380 U.S. 400, 406 (1965).  The Confrontation Clause bars the admission of "testimonial statements" made by persons who have not appeared as witnesses at trial.  *Crawford v. Washington*, 541 U.S. 36, 68-69 (2004); *Bugh v. Mitchell*, 329 F.3d 496, 501 (6th Cir. 2003).

A child witness's nonresponsive answers during cross-examination do not violate a defendant's rights under the Confrontation Clause.  *See, e.g., Katt v. Lafler*, 271 Fed.Appx. 479 (2008).  In *Katt*, two children gave "reticent and nonresponsive answers" during cross-examination, but they were still subject to extensive cross-examination by defense counsel.  *Id.* The jury could weigh each witness statement as they deemed appropriate.  Thus, because the children were present and subjected to cross-examination, the Confrontation Clause was satisfied. *Id.*

The facts of the instant matter are analogous to the facts of *Katt*.  T.S. testified at trial, but gave nonresponsive answers on cross-examination.  As both the R&R and state appellate court concluded, there was no Confrontation Clause violation because T.S. was available for cross-examination at trial.

15

Sopko also contends that the admission of hearsay rendered the trial unfair.  Habeas courts have routinely rejected claims based upon the admission of hearsay.  *See, e.g., Reedus v. Stegall*, 197 F.Supp.2d 767, 775-78 (E.D. Mich. 2001), aff'd, 79 Fed.Appx. 93, 97 (6th Cir. 2003).  Specifically, admission of hearsay does not violate the Confrontation Clause if the declarant testifies at trial.  *California v. Green*, 399 U.S. 149, 161 (1970) ( "[N]one of our decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial").

**Ground Three:**
**The trial court incorrectly found Sopko to be a sexually violent predator.  There was insufficient evidence to sustain this finding.**

The R&R determined that this ground is procedurally defaulted because the sexually violent predator issue was not presented to the state appellate court.  Doc. 11 at 19.  In his objections, however, Sopko points toward evidence that the Eighth District Court of Appeals heard and decided the sexually violent predator issue.  Doc. 14 at 4 (citing Doc. 7-2, Exh. 8 at 179); *State v. Sopko*, 2009 WL 97705, at ¶¶ 45-49.  Even so, this Court still rejects Ground Three because Sopko failed to fairly present this claim to all levels of the state court.  Before seeking a federal writ of habeas corpus, a state prisoner must exhaust all available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate court . . . , alerting that court to the federal nature of the claim."  *Id.*  A petitioner does not satisfy the exhaustion requirement "by presenting the state courts only with the facts necessary to state a claim for relief."  *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996).

Further, the constitutional right that has allegedly been violated must be identified.  *Id.* General appeals to broad constitutional principles, such as due process and the right to a fair trial, are not enough to establish exhaustion.  *Id.*  "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Daniels v. Lafler*, 192 Fed.Appx. 408, 418 (6th Cir. 2006) (petitioner fairly presented issue by stating:  "The error was not merely evidentiary.  It negatively impacted on defendant's constitutional right to a fair trial.").

Sopko does not meet this low standard.  The brief Sopko cited in his objections was filed in the Eighth District Court of Appeals, and Sopko argued the sexually violent predator issue there as follows:

> Additionally, Appellant submits that the trial court incorrectly found Appellant to be a Sexually Violent Predator.
> O.R.C. 2971.01(H)(1) defines Sexually Violent Predator as a person who on or about or after January 1, 1997 commits a sexually violent offense and is likely to engage in the future one or more sexually violent offenses.  However, there simply was no evidence to justify or indicate that Appellant was "likely to engage in the future [in] one or more sexually violent offenses."  Appellant had no prior sexual offense convictions and there is nothing to support the trial court's finding.

Doc. 7-2.  Sopko only cited the Ohio Revised Code, not the U.S. Constitution or federal law. Also, the claim is not labeled as "federal."  Further, the Supreme Court of Ohio denied leave to appeal because there was no substantial constitutional question.  Doc. 7-3, Exh. 9-14 at 105.

**<u>Ground Four</u>:**
**The trial court improperly admitted evidence that the defendant engaged in sexual activity with an inflatable doll, denying the defendant a fair trial in violation of the Fifth and Fourteenth Amendments.**

Like Ground One, Ground Four is procedurally defaulted because Sopko did not comply with Ohio's contemporaneous objection rule. Sopko contends, once again, that the contemporaneous objection rule is not regularly followed by the Eighth District Court of Appeals, and the fact that plain error was employed by the State court should not result in procedural default. As thoroughly discussed above in Ground One, however, this argument is without merit. *See Stone v. Moore*, 644 F3d. 342, 348 (6th Cir. 2011).

Next, Sopko again argues that failure to object amounts to constitutionally ineffective assistance of counsel, denying him a fundamentally fair trial. Doc. 14 at 6. The state appellate court, when conducting plain error review, concluded as follows:

> We note that the appellant failed to object to this testimony; therefore, any error is deemed to have been waived unless it constitutes plain error.
>
> ***
>
> While there was some testimony about the inflatable doll, the trial judge did not allow the doll to be admitted as an exhibit. Further, the doll was at least somewhat relevant because it was wearing a diaper, and T.S. testified that appellant made her wear a diaper while he took pictures of her, which showed that appellant associated diapers with sexual activity.
>
> Regardless of whether the testimony was relevant, we review under a plain error standard because appellant's lawyer failed to object. Under such review, we cannot say that, absent mention of the doll, the case would have been decided differently. Here, T.S. testified, with specificity, regarding appellant's conduct with her. Her testimony alone is sufficient to convict appellant, but coupled with the testimony of the aunt and the social worker, it is clear that the outcome of the trial would have been the same with or without mentioning the doll. Accordingly, appellant's fourth assignment of error is overruled.

*State v. Sopko*, 2009 WL 97705, at *4-5 (Ohio Ct. App. 8th Dist. Jan. 15, 2009). The state appellate court concluded, under plain error, that the outcome of the trial would not have been different. "The standard for prejudice under *Strickland* is virtually identical to the showing

18

required to establish that a defendant's substantial rights were affected under plain error analysis." *Becht v. United States*, 403 F.3d 541, 549 (8th Cir. 2005); *U.S. v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  Because Sopko could not demonstrate plain error at the state appellate court, he cannot establish prejudice in this Court.

Additionally, as discussed above in Ground One, there was other substantial evidence upon which the jury could convict, preventing Sopko from demonstrating prejudice, and Counsel's performance and failure to object does not undermine confidence in the outcome of the case.

**Ground Five:**
**The prosecutor's comments in her closing argument denied the defendant a fair trial, and thus violate the Due Process Clause of the Fourteenth Amendment.**

Sopko does not object to the R&R's conclusion on Ground Five.  Instead, Sopko explains that "[n]o objection is posited to the R&R's conclusion that this is not a ground which independently entitles Mr. Sopko to relief.  *But see*, Ground Six, *infra*, which still maintains that counsel's failure to object in this regard is part of counsel's overall ineffectiveness."  Doc. 14 at 7. This failure to file a written objection to the Magistrate's R&R constitutes waiver of a *de novo* determination by the district court of the issue covered in the report, and the R&R is adopted on Ground Five.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984) *affirmed*, 474 U.S. 140 (1985).

**Ground Six:** **Trial counsel was ineffective in violation of the Sixth Amendment.**

Sopko contends that he was denied effective assistance under the Sixth Amendment when trial counsel failed: (1) to question the child during a competency hearing; (2) to object to the child's competency as a witness; (3) to object to improper closing arguments.  Sopko also incorporates the errors made in trial counsel in Ground One, Ground Two, and Ground Four, which were addressed above and will not be discussed here.

19

**Child's Competency as a Witness**

Because the child was found competent to testify, trial counsel was not ineffective in failing to question the child or object to the child's competency.   In Ohio, the trial judge is vested with the duty to conduct a voir dire of the child to determine competency.  *State v. Wilson*, 156 Ohio St. 525, 532 (1952).  The purpose of such an examination is to allow the judge to observe first-hand the child's demeanor, her way of responding to questions, to determine the child's ability to convey facts with accuracy and truthfulness.  *Id.*  Considerations that a trial court must take into account include:

> (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful.

*State v. Frazier*, 61 Ohio St.3d 247, 251 (1991).  The determination of whether a child is competent to testify generally rests within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.  *Id.* at 251; *see also Blakemore v. Blakemore*, 450 N.E.2d 1140, 1142 (Ohio 1983) ("The term 'abuse of discretion' connotes more than error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.") (citations omitted).

Sopko contends that his trial counsel was ineffective by failing: (1) to question a child during a competency hearing and (2) to object to the child's competency as a witness.  However, because the child was competent, the trial counsel's conduct can not be constitutionally ineffective.  *See, e.g., U.S. v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) ("failure to make a

meritless argument does not amount to ineffective assistance"). The state appellate court addressed trial counsel's effectiveness at the competency hearing as follows:

> {¶ 45} A thorough review of the entire transcript shows that T.S. was competent; that she understood the importance of keeping a promise and telling the truth; that she understood she could be punished for lying; and that she had the ability to recall facts. T.S.'s answers showed that she knew her name, birthday, city, brother's name, that she could count to ten, and that she understood the difference between right and wrong. Specifically, she testified that it was wrong to lie and good to tell the truth. She knew that she would "get in trouble" for lying. The transcript clearly shows that T.S. was properly found competent to testify; therefore, trial counsel did not err by failing to object.

*State v. Sopko*, 2009 WL 97705, at * 9-11 (Ohio App. 8th Dist. Jan. 15, 2009). The court's finding was constitutionally sufficient; therefore, counsel's failure to object did not prejudice Sopko.

**Closing Arguments**

Next, Sopko argues that trial counsel's failure to object to improper comments made by the prosecution during closing arguments amounts to constitutionally ineffective assistance of counsel. Sopko acknowledges in his objections, though, that this is not enough by itself to establish ineffectiveness of counsel. Doc. 14 at 11 . Instead, he contends that when combined with other ineffective actions, an aggregate effect is established that prejudiced Sopko's constitutional right to effective counsel. However, "only actual *errors* may combine to generate cumulative prejudice." *Cockream v. Jones*, No. 08-1992, 2010 U.S. LEXIS 13246, at **19 (6th Cir. 2010) (finding the prosecutor's comments alone insufficient to generate prejudice). Because each of Sopko's previous allegations of ineffective assistance of counsel have been found without merit, he cannot rely on a cumulative prejudice theory of relief.

**IV. Conclusion**

21

For the reasons stated herein, the Magistrate's R&R is adopted in part, Doc. 11, and Sopko's Petition is denied.  Doc. 1.

The Court certifies that an appeal from this decision could not be taken in good faith, 28 U.S.C. § 1915(a)(3), and there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253.

IT IS SO ORDERED.

  s/ *David A. Katz*    
DAVID A. KATZ
U. S. DISTRICT JUDGE
